The Honorable Garry L. Smith State Representative
600 Ouachita 31 Camden, Arkansas 71701-9561
Dear Representative Smith:
I am writing in response to your request for an opinion on the following questions concerning volunteer firefighters:
 1. Can a person who has retired from a volunteer or regular fire department and is receiving benefits from that department through either the Local Police and Fire Retirement System (LOPFI) or the Local Police Fire Pension Relief Fund (PRB) serve in any unpaid volunteer position (i.e., first responder, fight fires, drive the fire truck) for a volunteer fire department?
 2. Is the answer to Question 1 made by the local board of the volunteer fire department?
 3. If a firefighter retires and begins drawing retirement benefits from LOPFI or PRB, is he or she limited to being "support personnel" for a volunteer fire department in order to continue receiving retirement benefits?
 4. Is there any waiver to the 90-day termination found in A.C.A. § 24-11-825(6)(c)? *Page 2 
 5. Is a volunteer who fills out the termination paperwork for LOPFI or PRB but continues to serve as a volunteer firefighter eligible for retirement benefits?
 6. What is considered to be "termination" from a volunteer fire department under A.C.A. § 24-11-825(c)?
 7. What is considered "retirement" from a volunteer fire department under A.C.A. § 24-10-504(b)(3)?
 8. Does a volunteer firefighter who receives LOPFI or PRB retirement benefits have workers' compensation insurance coverage through the county for his or her current service as a volunteer firefighter?
 9. If the answer to Question 8 is "yes," how would the compensation be calculated for an unpaid volunteer?
RESPONSE
In response to your first question, several statutes authorize a retired firefighter to serve in a fire department, depending upon the particular circumstances. These statutes are discussed below. With regard to your second question, to the extent compliance with the retirement laws is at issue, such determination lies with either LOPFI or the PRB, depending upon which retirement system is at issue. Assuming that the term "support personnel" under your third question refers to non-firefighter personnel, this question may reflect a misunderstanding of the LOPFI and PRB statutes. The answer to your fourth question is "no." Regarding your fifth question, although the reference to "termination paperwork" is somewhat unclear, a retired firefighter's continued service in a position covered by the retirement system may well result in the suspension of benefits if the requisite waiting period has not elapsed. In response to your sixth and seventh questions, these statutes require that a retiree be separated from covered service for the requisite period before a return to service as contemplated therein. The answer to your eighth question is "yes" as to a volunteer firefighter who meets the requirements of A.C.A. § 20-22-809 pertaining to firefighters of certified fire departments. Regarding your ninth and final question, it is my assumption that *Page 3 
compensation would be payable in the minimum amount set under workers' compensation laws.
Question 1 — Can a person who has retired from a volunteer orregular fire department and is receiving benefits fromthat department through either the Local Police and Fire RetirementSystem (LOPFI) or the Local Police Fire Pension Relief Fund(PRB) serve in any unpaid volunteer position (i.e., first responder,fight fires, drive the fire truck) for a volunteer firedepartment?
I have identified several statutes that may be relevant to this question, depending upon the particular surrounding facts: A.C.A. § 24-10-504(b)(3) (pertaining to LOPFI members) and A.C.A. §§ 24-11-818(f),-825(c) and 827 (regarding PRB members).
Subsection 24-10-504(b)(3) provides as follows under LOPFI:
 (1) Upon a member's retirement, he or she shall cease to be a member.
 (2) Except under subdivision (b)(3) of this section or as otherwise provided in this chapter, he or she shall not again become a member of the system.
 (3) Upon a member's retirement for a period of not less than ninety (90) days, the member may return to volunteer service with a covered employer and may continue to draw the retirant's annuity if the retirant desires to return to the covered employer and voluntarily agrees to sign a waiver to earning any further service credit in the system or in any other police or firefighter-related pension fund.
A.C.A. § 24-10-504(b) (Supp. 2009) (emphasis added).
The remaining statutes apply to a firemen's pension and relief fund, i.e., a "PRB" under your question. Subsection 24-11-818(f) provides in relevant part:
 (2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from the service of a fire department may remain actively involved in the fire *Page 4 department, provided the person does not receive compensation for the service provided.
 (3) Service to a fire department under subdivision (f)(2) of this section shall not cause any suspension of retirement benefits payable under § 24-11-801 et seq., nor shall such service be interpreted by any board administering funds under § 24-11-801 et seq. as a reinstatement of employment in a fire department.
A.C.A. § 24-11-818(f) (Repl. 2002) (emphasis added).
Subsection 24-11-825(c) states:
 Upon a member's termination of volunteer firefighter service with all Arkansas departments for a period of not less than ninety (90) days, the member may return to volunteer service with an employer covered by a firemen's pension and relief fund and may continue to draw the retiree's pension if the retiree desires to return to volunteer service with an employer covered by a pension fund and voluntarily agrees to sign a waiver to earning any further service credit in any firefighter-related pension fund.
A.C.A. § 24-11-825(c) (Supp. 2009) (emphasis added).
Section 24-11-827 provides:
 (a) Notwithstanding any other provision of the law to the contrary, should an age or service retirant return March 1, 1986, or later, to employment in a position covered by the firemen's fund from which he or she retired, no pension payments shall be paid him or her for the period of such reemployment, and he or she may make member contributions to the system as if he or she were an active member during such reemployment.
 (b)(1) If reemployment terminates before the retirant has rendered sufficient reemployment to accumulate at least three (3) years of credited service had he or she been an active member during such reemployment, the payment of his or her pension shall resume upon *Page 5 
such termination, under the form of payment in force at the beginning of reemployment and in an amount as it would be had he or she not been reemployed.
 (2) The retirant shall be paid the accumulated contributions based upon any member contributions he or she may have made during such reemployment.
 (c)(1) If reemployment continues until the retirant has rendered sufficient reemployment to accumulate three (3) years of credited service had he or she been an active member during such reemployment, then effective upon completion of such reemployment, his or her retirement shall be canceled and the former retirant shall again become an active member.
 (2) Upon resuming active membership, the service and contributions and pay records during reemployment shall be added to the member's records as they were at retirement.
A.C.A. § 24-11-827 (Repl. 2002) (emphasis added).
These statutes apply to different scenarios under which a retired firefighter who is receiving benefits under either LOPFI or a firemen's pension and relief fund (PRB) might provide volunteer firefighting services. Subsections 24-10-504(b)(3) (LOPFI) and24-11-825(c) (PRB) were enacted under the same 2003 legislation (Act 1733 of 2003), and each similarly authorizes a "return to volunteer service" with an employer covered by a retirement system or fund. By authorizing such "return" to service, these statutes in my opinion contemplate a return to employment status, specifically volunteer service for which credited service would accumulate but for the required "waiver to earning any further service credit." See A.C.A. § 24-10-102(34) (Supp. 2009) (defining "volunteer service" under LOPFI as "covered employment that becomes credited service. . . .") and A.C.A. § 24-11-825(a) (Supp. 2009) (referring to "covered volunteer employment" under a local pension fund, i.e., PRB). Indeed, I believe the "waiver" requirement under subsections 23-10-504(b)(3) and 24-11-825(c) is further evidence that these subsections contemplate a return to employment status in a position that would otherwise be covered by the pension fund. See also Acts 2003, No. 1733 (entitled "An act to authorize a retiree from the Arkansas Local Police and Fire Retirement *Page 6 
System or a Firemen's Pension and Relief Fund to return tovolunteer status after qualifying for a retirement annuity or pension. . . ." Emphasis added.)
Regarding A.C.A. § 24-11-827, this statute plainly contemplates "reemployment." Id. at (a). It authorizes a retiree to come out of retirement under a firemen's pension and relief fund (PRB) in order to return to employment in a position covered by the fund, with the possibility of making further contributions to the fund and the possibility of accruing further years of credited service.Id. at (a) — (c). Under this statute, the retiree's benefits cease during the period of re-employment. Id. at (a).
On the other hand, A.C.A. § 24-11-818(f) authorizes persons retiring under a pension and relief fund to "remain actively involved in a fire department" (provided he or she receives no compensation for the services). Id. at (2). This statute expressly provides that such active involvement does not constitute "reinstatement of employment." Id. at (f)(3). Accordingly, in my opinion, it addresses a different manner of returning to service than either A.C.A. § 24-10-504(b)(3), A.C.A. § 24-11-825(c), or A.C.A. § 24-11-827. Accord Op. Att'y Gen. 2002-010 (observing that "the provisions of A.C.A. § 24-11-818(f) clearly envision a situation in which a retiree remains `involved' with the department, but not in a capacity that would be covered by the fund. . . .")
Returning to your question, although you have provided some examples of services that would be provided by the person serving in the hypothetical "unpaid volunteer position," it remains somewhat unclear whether the question anticipates employment in a covered position. Accordingly, I cannot definitively determine which statute applies to the situation. I therefore cannot categorically state, in response to your question, that the person would be able to serve in "any unpaid volunteer position." The relevant statute must instead be referenced in order to determine the applicable requirements or limitations. If, for instance, the retiree would be serving in a capacity that is covered by the retirement system (whether LOPFI or PRB) and wishes to continue to receive his or her benefits, then he or she must comply with the requisite ninety-day waiting period. See A.C.A. §§ 24-11-504(b)(3) and24-11-825(c).[1] If, on the other hand, the phrase "unpaid *Page 7 
volunteer position" envisions a situation in which a PRB retiree remains "involved" with the fire department, but not in a capacity that would be covered by the fund, then the retiree could provide such volunteer services for the department without following the dictates of subsection 24-11-825(c).[2]
 Question 2 — Is the answer to Question 1 made by the localboard of the volunteer fire department?
The entity in charge of running the fire department will of course have the general power and duty to decide whether a particular retiree will be given the opportunity to serve the department. A retiree has no right to serve under any of the statutes discussed above. However, to the extent a determination is required regarding compliance with the retirement laws, such determination lies with either LOPFI or the PRB, depending upon which retirement system is at issue.
Question 3 — If a firefighter retires and begins drawingretirement benefits from LOPFI or PRB, is he or she limited to being"support personnel" for a volunteer fire department in order tocontinue receiving retirement benefits?
The term "support personnel" is not a recognized term under the LOPFI or PRB statutes. Assuming, however, that this is intended to reference non-firefighter personnel, then this question may reflect a misunderstanding of those statutes discussed above which authorize a retiree's return to positions covered by LOPFI or PRB. If a retiree returns to volunteer service pursuant to either A.C.A. § 24-11-504(b)(3) (LOPFI), A.C.A. § 24-11-825(c) (PRB) or A.C.A. § 24-11-827 (PRB), then in my opinion this would necessarily be service in a covered firefighter position (although the retiree would have to waive further service credit under either subsection 24-11-504(b)(3) or subsection 24-11-825(c)).
With respect to LOPFI, subsection 24-11-504(b)(3) authorizes a "return to volunteer service with a covered employer. . . ." "Volunteer service" is defined as "covered employment that becomes credited service and cannot be classified as paid service." A.C.A. § 24-11-102(34) (Supp. 2009). And Id. at (34). And *Page 8 
"covered employment" means "employment as a police officer orfirefighter in a position covered by the system."Id. at (9) (emphasis added).[3]
Regarding PRB, my review of the governing statutes indicates that membership in a local firemen's pension and relief fund extends to firefighters only.[4] This is evident from the provisions addressing member contributions and pension benefits, all of which refer exclusively to "full-paid," "part-paid" and "volunteer" firefighters. See A.C.A. §§ 24-11-816 (Repl. 2002) (contributions),-818 (Repl. 2002) (voluntary retirement benefits),-819 (Repl. 2002) (disability retirement benefits) and-820 (Supp. 2009) (death benefits). Accordingly, I believe it is clear that a return to service pursuant to either subsection 24-11-825(c) or section 24-11-827 necessarily means return to service as a firefighter.
It is therefore difficult to respond to the above question in light of the apparent assumption that a retiree under LOPFI or PRB is generally authorized to return to service in a non-firefighter position. As noted above, one statute does authorize a retiree under a pension and relief fund to "remain actively involved in a fire department" provided he or she receives no compensation for the services. A.C.A. § 24-11-818(f) (Repl. 2002). But as I also explained above, this would not be a covered position.
Question 4 — Is there any waiver to the 90-day terminationfound in A.C.A. § 24-11-825(6)(c)?
No, my research has disclosed no such waiver. *Page 9 
 Question 5 — Is a volunteer who fills out the terminationpaperwork for LOPFI or PRB but continues to serve as a volunteerfirefighter eligible for retirement benefits?
One's eligibility for retirement benefits is a matter to be decided in the first instance by the particular retirement system, based upon the specific surrounding circumstances. I am not a finder of fact and I am neither authorized nor equipped to determine whether benefits are to be paid in any given instance.
That being said, I will attempt to address your general question as posed. I am uncertain what is meant by "termination paperwork." Given the previous question's reference to "the 90-day termination," this may have reference to the "waiver" of service credit that must be signed by a retiree who wishes to return to volunteer service after the 90-day waiting period required by A.C.A. § 24-11-504(b)(3) (LOPFI) and A.C.A. § 24-11-825(c) (PRB). I am unaware of any other paperwork requirement under these statutes.
These statutes plainly require a retiree's separation from covered service for at least ninety days before returning to volunteer service. This is evident from subsection 24-11-504(b)(3) reference to "a member's retirement" and subsequent "return to volunteer service with a covered employer. . . ." Subsection 24-11-825(c) similarly refers to "a member's termination of volunteer firefighting service" and "return to volunteer service with an employer covered by a pension fund. . . ."
In my opinion, the waiver of service credit and the ninety-day waiting period are separate requirements under the statutes. Your question assumes that the volunteer firefighter "continues to serve." If by this you mean that the requisite ninety-day period has not elapsed, and the firefighter is serving in a position covered by the retirement system, it may well be that this will result in a suspension of benefits during the period of continued service up to the ninety-day point. See
A.C.A. § 24-11-827, supra (requiring suspension of benefits when a retiree returns to a position covered by the pension fund).Cf. Op. Att'y Gen. 92-091 (noting that a fire pensioner's benefit ordinarily is suspended during a period of re-employment.)
Again, however, a definitive determination lies with the retirement system. I can do no more than recite what appear to be the relevant statutory requirements. *Page 10 
 Question 6 — What is considered to be "termination" from avolunteer fire department under A.C.A. § 24-11-825(c)?
See response to Question 5, above. In my opinion, subsection 24-11-825(c) requires a retiree's separation from covered service for the requisite ninety-day period before returning to service as contemplated therein.
Question 7 — What is considered "retirement" from a volunteerfire department under A.C.A. § 24-10-504(b)(3)?
 See again response to Question 5. As stated, the statute refers to one's "retirement" and "return to the covered employer," thus indicating that "retirement" contemplates separation from covered employment.
Question 8 — Does a volunteer firefighter who receives LOPFIor PRB retirement benefits have workers' compensation insurancecoverage through the county for his or her current service as avolunteer firefighter?
The answer to this question is "yes," as to a volunteer firefighter who meets the requirements of A.C.A. § 20-22-809 (Supp. 2009) pertaining to firefighters of certified fire departments. This statute provides that "volunteer fire fighters of certified fire departments, other than municipal fire departments, who meet the requirements of this section shall be deemed county employees and shall receive minimum [workers']compensation." Id. at (a) (emphasis added).[5] The statute further provides that volunteer firefighters requesting workers' compensation coverage shall annually file with the county clerk evidence that they have met the minimum training standards recommended by the Fire Protection Services Board and that they are a member of a certified fire department other than a municipal fire department. Id. at (b).
Question 9 — If the answer to Question 8 is "yes," how wouldthe compensation be calculated for an unpaid volunteer? *Page 11 
Because A.C.A. § 20-22-809 requires that volunteer firefighters "receive minimum compensation," (see emphasized language above) I assume compensation would be payable in the minimum amount set under workers' compensation laws. See, e.g., A.C.A. § 11-9-501 (Repl. 2002).
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] As explained below in response to your third question, I believe it is clear that the covered employment under either LOPFI or PRB would necessarily be employment as a firefighter. Seealso n. 3, infra
(regarding LOPFI's definition of "firefighter.")
[2] The statute does not elaborate on the phrase "remain actively involved." However, such involvement is plainly distinct from a "return to volunteer service" under A.C.A. § 24-11-825(c) which, as discussed above, contemplates a return to covered employment.
[3] I note that persons employed by LOPFI's administration are included with the definition of "firefighter" under that system.See A.C.A. § 24-10-102(13)(C) and (16)(A) (Supp. 2009) (defining "employee" to include "any person regularly employed by the administration of the system," and defining "firefighter" as "any regular or permanent employee. . . .") While the term "firefighter" under LOPFI therefore includes certain supportive personnel for the system, I assume this category of personnel is not included within your reference to "support personnel" for a volunteer fire department.
[4] A member of a firemen's pension and relief fund can, however, obtain up to three years of service credit for "fire-related service" with a municipal fire department. A.C.A. § 24-11-833(a) (Repl. 2002). "Fire-related service" is defined as "service with a municipality which has fire fighters covered under a firemen's pension and relief fund in a job or in a paid position within a covered fire department or fire department where the person performs duties which are related to the delivery of fire services, including service such as a fire department radio dispatcher or other similar service." Id. at (d).
[5] Arkansas Code Annotated § 14-26-101 (Repl. 1998) requires counties to provide workers' compensation coverage for municipal volunteer firefighters while performing work for the county. Arkansas Code Annotated § 14-60-101 (Repl. 1998) requires cities to provide such coverage for city volunteer firefighters.